IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:05CR1 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| OHAD COHEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the court is Shalom Leder's motion, Filing No. 60, requesting that this court permit him to recover assets seized by the government in this case. The defendant pleaded guilty in this case and was sentenced on January 14, 2005. Filing No. 40. Thereafter, the government filed a motion for forfeiture and the court entered a preliminary order of forfeiture. Filing Nos. 41 and 42. Subsequently, Mr. Leder filed a claim for the seized assets, Filing No. 46, and the court scheduled a hearing on May 30, 2006, wherein Mr. Leder participated by phone. Filing No. 48. The court ordered the government to file affidavits and evidence, including the bank records, and provide copies to Mr. Leder. Filing No. 48. Likewise, the court ordered Mr. Leder to file affidavits under oath,[1] supporting evidence, and argument and provide a copy to the government. *Id.*

Mr. Leder contends that he was in business with the defendant, and Mr. Leder was the sole president and owner of Yaels Corporation. Defendant was to manage a number of kiosks in Nebraska, allegedly as an independent contractor. Mr. Leder states that he began getting suspicious when the revenues were not as predicted, and Mr. Leder flew into Omaha to determine what was happening to his business. While Mr. Leder was in Omaha,

---
[1] Mr. Leder failed to file his affidavits under oath. See Filing No. 60.

his employees were arrested. Thereafter, Mr. Leder and the defendant went to the bank to make some deposits. While stepping away to call his wife, Mr. Leder looked back and saw defendant fleeing from law enforcement. Mr. Leder left the bank and returned to his hotel. A couple of days later he tried to retrieve his deposits, but the money in the bank account and in the safety deposit box were gone. Mr. Leder subsequently found out that law enforcement had seized the money, allegedly because the money resulted from sales by defendant's illegal hires. However, Mr. Leder argues that he had no knowledge of illegal hires, and in any event some of their employees, contends Mr. Leder, were legal. He argues that at least five of the employees were not charged in this case and thus, they were legally collecting assets from the sale of products. Filing No. 60, Affidavit, Attach. A. As a result, Mr. Leder believes he is entitled to 5/11's (five of the eleven employees) of the cash seized by law enforcement. Mr. Leder contends that the defendant attempted to withdraw the assets in question from his checking account, without consent, in order to leave the country. Defendant was arrested prior to his departure. Mr. Leder admits that he cannot produce the exact receipts to prove that he legally hired employees to sell his goods. The total amount seized in this case is $35,324.00.

Agent David Sullivan filed two affidavits in this case, Filing Nos. 50 and 63. Special Agent David Sullivan works for the Department of Homeland Security in Omaha, Nebraska, with the Immigration and Customs Enforcement. Agent Sullivan was the case agent for this criminal case. He initially received complaints that two Middle Eastern men, Shalom Leder and Ohad Cohen, were attempting to open bank accounts and rent apartments using cash. Filing No. 50. An investigation ensued and Agent Sullivan determined that defendant had a personal bank account, a corporate account, and a safe deposit box at American National Bank. Mr. Leder was a signer on both the corporate account and on

the safe deposit box. Filing No. 50, Aff. of Agent Sullivan. Agent Sullivan stated in his affidavit that he had information that Mr. Leder participated in the transportation of one illegal employee from Des Moines, Iowa, to Omaha, Nebraska. *Id.* Agent Sullivan states that Mr. Leder was in Omaha at the inception of the business, ran the business during a time when defendant returned to Israel due to the death of his father, and authorized a car purchase by fax. *Id.* Agent Sullivan observed Mr. Leder in Omaha and Lincoln at various times during December 2004. *Id.*

The government submitted a second affidavit of Agent Sullivan. Filing No. 63, attached Aff. of Agent Sullivan. Agent Sullivan states in his affidavit that he is aware of only one United States citizen in Mr. Leder's employment, Frank O'Connor, and further states that Mr. O'Connor only worked for Mr. Leder for three weeks and did not receive any pay for his work. The remaining employees were arrested attests Agent Sullivan. Agent Sullivan attempted to confirm that there were other employees as suggested by Mr. Leder. Agent Sullivan requested I-9 forms and a roster of employees from Mr. Leder for Yaels Corporation. Mr. Leder supplied Agent Sullivan with an affidavit stating he did not employ anyone else between September 19, 2003, and April 8, 2005. *Id.* Agent Sullivan says these employees were provided housing, transportation and paid in cash. Further, Agent Sullivan states that both Mr. Leder and defendant had access to the Yaels Corporation bank accounts in Omaha. *Id.* The safety deposit box held the proceeds of the illegal activity, and both Mr. Leder and the defendant were signatories.

The court finds the government is entitled to forfeiture pursuant to 8 U.S.C. § 1324(b)(1). The court further finds that the claim to the proceeds set forth by Mr. Leder are a result of harboring activity. The property is derived from and traceable to such harboring activity. The court finds that Mr. Leder did not provide sufficient evidence of

superior ownership, did not provide evidence of a superior interest, and did not provide sufficient evidence that he is a bona fide purchaser, by a preponderance of the evidence. *Pacheco v. Serendensky*, 393 F.3d 348, 351 (2nd Cir. 2004); *United States v. Nava*, 404 F.3d 1119, 1125 (9th Cir. 2004); 21 U.S.C. § 853(n)(6)(A) (superior interest) and (B) (bona fide purchaser); and § 853(c); *see also, United States v. Hooper*, 229 F.3d 818, 821 (9th Cir.2000) (claimant must show superior interest to defendant). The government's interest vests at the time of the unlawful activity, and in this case that means the date that Mr. Leder and the defendant began conducting business on September 20, 2004. Mr. Leder has failed to provide the court with any credible evidence that he is an owner with a superior interest who is entitled to the proceeds herein. Even when viewing the light in most favorable to Mr. Leder, the court finds he has failed to present credible evidence of entitlement and ownership. Fed. R. Civ. P. 56; *see United States v. One Lincoln Navigator, 1998*, 328 F.3d 1011, 1014 (8th Cir. 2003). Based on the evidence presented to the court, the court finds there is no material issue in conflict that could be reviewed by the trier of fact. Accordingly, the court finds the motion for preliminary forfeiture should be granted and Mr. Leder's claim denied.

THEREFORE, IT IS ORDERED that the claim by Mr. Leder for forfeiture of assets, Filing No. 60, is denied.

DATED this 23rd day of May, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge